**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2347
_____

BEN TURAY,

Petitioner

v.

ATTORNEY GENERAL,
UNITED STATES OF AMERICA
_____

On Petition for Review of
a Decision of the Board of Immigration Appeals
(A045-234-090)
Immigration Judge: John P. Ellington
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 16, 2020

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion filed: January 17, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Ben Turay, a lawful permanent resident charged with removability due to a controlled substance conviction,[1] petitions for review of a final administrative order of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal under 8 U.S.C. § 1229b(a). We will deny the petition.

## Discussion[2]

On appeal, Turay raises a single argument: that his procedural due process rights were violated when his 15-year-old daughter was not able to give live testimony at his merits hearing before an Immigration Judge (IJ) due to prison rules barring her from the building. To prevail on procedural due process claims arising from removal proceedings, a petitioner must show "substantial prejudice," meaning that "the infraction has the *potential* for affecting the outcome of the deportation proceedings." *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (alteration omitted) (internal quotation marks and citation omitted). Turay makes two arguments in support of substantial prejudice but, even assuming a due process violation occurred, neither meets that standard.

First, Turay argues that his daughter's live testimony "had much to add to his case" and that she would have testified about "the relationship she had with her father and the

---

[1] Turay conceded the legal and factual basis for his removability below and does not challenge his removability in this appeal.

[2] We lack "jurisdiction to review the denial of discretionary relief, including cancellation of removal." *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010). "We may, however, review 'constitutional claims or questions of law raised upon a petition for review.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)). We review the BIA's decisions of law de novo. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).

2

hardship she would suffer if he was removed." Pet.'s Br. 27, 28–29. But the daughter's written statement *did* discuss her relationship with her father and the hardship she would suffer if he was removed: It discussed her father's role in her life, her desire to keep him home, and the concrete ways he took care of her and her family and looked out for their safety. And Turay does not suggest any specific material evidence that his daughter's live testimony would have added to the record. This lack of specificity about what, precisely, her testimony would have added dooms his prejudice argument. *Cf. Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006) (finding no prejudice resulted from petitioner's alleged inability to call all the witnesses he desired because he did not explain the legal significance of their potential testimony).

Second, Turay contends that live testimony is so materially different from written testimony that its preclusion necessarily causes substantial prejudice. That argument, however, is one we have previously rejected. *See Romanishyn v. Att'y Gen.*, 455 F.3d 175, 185–86 (3d Cir. 2006) (finding no prejudice where petitioner was "permitted to submit affidavits from the witnesses the court did not allow him to call"). And even if live testimony could have affected the decision of the IJ, in this case, Turay prevailed before the IJ and ascribes error in this appeal to the BIA. Yet Turay makes no argument as to why the BIA—who would not have the benefit of seeing and hearing Turay's daughter but would merely read a transcript of her testimony—might reach a different decision from its review of that transcript than it would from reviewing her affidavit. In sum, Turay's second argument also fails to establish substantial prejudice.

3

**Conclusion**

For the foregoing reasons, we will deny Turay's petition for review.